

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00291-CR

COREY STEWART,

Appellant

v.

THE STATE OF TEXAS,

Appellee

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 10-02913-CRF-361**

## O R D E R

The supplemental reporter's record is past due.

In a letter dated October 3, 2012, the Clerk of this Court directed the official court reporter of the 361st Judicial District Court to supplement the reporter's record with copies of State's pretrial exhibits 1 and 2; State's exhibits 3, 29, 51, 144, and 171; and Defendant's exhibit 1 in a form that is capable of viewing or listening to within twenty-one (21) days of the date of the letter in accordance with Rule 34.6(d) of the Texas Rules

of Appellate Procedure.   After more than ample time to do so, the reporter's record has not been supplemented.

The appeal was submitted on oral argument on April 3, 2013, and the exhibits are necessary before the Court can address the issues raised on appeal.   On April 8th, a deputy clerk from this Court called the court reporter to inquire about the status of the supplemental reporter's record.  The deputy clerk was told that the reporter was in trial and that a message would be given to him to call the deputy clerk.

On April 15, 2013, the reporter had not returned the deputy clerk's call, and so the deputy clerk called the reporter again.  The deputy clerk was told that the reporter was out that day because the trial court was not in session.  When the deputy clerk explained that this Court was waiting for a record that was needed and was overdue, the trial court coordinator tried to call the reporter.  He did not answer his phone.  Later that morning, the reporter called our deputy clerk and explained that he thought the district clerk had taken care of the supplemental reporter's record.  The reporter told our deputy clerk that he would check into the situation and call the deputy clerk back.

By April 24, 2013, the reporter had not called back.  When the deputy clerk called the reporter that morning, he was already gone for the day and would not be in the following day.  Later that same day, the reporter faxed the deputy clerk a note, stating:

> I've contacted the District Clerk's office to dig out the June 13, 2011 exhibits in the trial to pull out the exhibits we've talked about.  They are in a separate storage facility and I expect to have them in hand the next day or

so.  Then I will have to have copies made and labeled of the ones that can be copied and send them to you the first of next week.

The first of the next week was April 29, 2013.  The supplemental record has not been received.

Accordingly, the Court ORDERS the official court reporter of the 361st Judicial District Court to supplement the reporter's record with copies of State's pretrial exhibits 1 and 2; State's exhibits 3, 29, 51, 144, and 171; and Defendant's exhibit 1 in a form that is capable of viewing or listening to within fourteen days from the date of this ORDER.  If the supplemental record is not received by this Court's Clerk **by the close of business of the 14th day** from the date of this order, this Court will abate this proceeding to the trial court to determine, among other things, whether to hold the reporter in contempt.


PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Order issued and filed May 9, 2013